WIRT FRANKLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9266.   Promulgated July 13, 1927.

1. Where the Commissioner and the taxpayer, pursuant to the statute, have entered into a consent in writing to the determination, assessment and collection of a tax after the time otherwise prescribed by law for such determination, assessment and collection, such consent is an extension of the statutory period, bilateral in character.

2. Where such a consent is indefinite in duration, the true intent of the parties is to be ascertained. Rules laid down by the courts in the case of contracts which are similarly indefinite for determining such intent are applicable. Where the Commissioner gave notice that such consent would expire at a certain time, *held* that in the absence of other factors, such as an estoppel against the taxpayer, the Commissioner may not determine, assess, or collect the tax after the date fixed by him for the termination of the consent.

3. Such a consent was executed by petitioner on January 16, 1923, and by the Commissioner on February 19, 1923. On April 11, 1923, the Commissioner announced that all such consents would expire April 1, 1924. On September 28, 1923, the Commissioner

assessed the tax in controversy. On October 14, 1923, petitioner filed claim for abatement. On September 22, 1925, the Commissioner rejected such claim for abatement. *Held*, that collection of such tax is barred.

*Frank H. Bryan, Esq.*, for the petitioner.
*A. G. Bouchard, Esq.*, for the respondent.

This case involves a deficiency in tax for the calendar year 1917, in the amount of $8,509.71. Such amount was assessed on September 28, 1923, and a claim for abatement of the same was filed. The claim for abatement was rejected by the Commissioner. The issues are (1) whether the Commissioner erred in disallowing as a deduction, depletion in the amount of $5,981.91, and (2) whether the collection of the alleged deficiency of $8,509.71 is barred by the statute of limitations. With respect to the first issue, it was stipulated by the respective counsel for the parties that the depletion allowance should be $6,608.97, instead of $6,204.44, as allowed, and that the net income as computed by the respondent should be reduced by the amount of $404.53.

### FINDINGS OF FACT.

The taxpayer filed his tax return for the year 1917 on April 1. 1918, showing a tax liability of $80, and filed an amended return for said year on April 29, 1918, showing a tax liability of $19,035.15. On September 28, 1923, the Commissioner assessed an additional tax for 1917 against the taxpayer of $8,509.71. On October 14, 1923, the taxpayer filed with the collector a claim for abatement of such tax in the amount of $8,509.71, covering the additional tax so assessed. On September 22, 1925, the Commissioner mailed to the petitioner a letter stating that the claim for abatement in said amount of $8,509.71 had been rejected, and that the rejection would officially appear on the next schedule to be approved by the Commissioner. The taxpayer filed a bond to stay the collection of the alleged deficiency with the collector of internal revenue at Oklahoma City during December, 1925.

On December 17, 1926, the collector of internal revenue at Oklahoma City filed, in the office of the County Clerk of Oklahoma County, a lien against the property of the taxpayer in accordance with section 3186 of the Revised Statutes of the United States. No suit has ever been filed in the United States District Court for the Eastern District of the State of Oklahoma by the United States or by the collector of internal revenue for the collection district of Oklahoma against the taxpayer for the collection of any income tax for the calendar year 1917. The taxpayer resides in the City

of Ardmore, Carter County, Okla., which is within the jurisdiction of said district court.

In accordance with the provisions of section 250(d) of the Revenue Act of 1921, the taxpayer and the Commissioner signed the following consent:

JAN. 16–1923

### INCOME AND PROFITS-TAX WAIVER

In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921 Wirt Franklin of Ardmore, Oklahoma, and the Commissioner of Internal Revenue, hereby consent to the determination, assessment, and collection of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of the said individual for the year 1917, under the Revenue Act of 1921 or under prior income, excess profits, or war profits tax acts or under section 38 of the Act entitled "An Act to provide Revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, irrespective of any period of limitations.

WIRT FRANKLIN, <em>Taxpayer.</em><br>D. H. BLAIR, <em>Commissioner.</em>

FEB. 19–1923.

The Commissioner issued publicly on April 11, 1923, Mimeograph 3085, which reads as follows:

TREASURY DEPARTMENT,<br>OFFICE OF THE COMMISSIONER OF INTERNAL REVENUE,<br><em>Washington, D. C., April 11, 1923.</em>

*To Collectors of internal revenue, internal revenue agents in charge, and others concerned:*

The form of waiver now in use extends the time in which assessments of 1917 income and excess-profits taxes may be made to one year from the date of signing by the taxpayer. Inasmuch as there are many waivers on file signed by the taxpayers containing no limitation as to the time in which assessments for 1917 may be made, all such unlimited waivers will be held to expire April 1, 1924.

D. H. BLAIR, <em>Commissioner.</em>

OPINION.

PHILLIPS: The sole question presented is whether collection of the deficiency is barred by the statute of limitations. The return of the petitioner was filed on April 1, 1918, and, except for the extension of time, the statute would have run on assessment and collection of the tax on April 1, 1923. Prior to that date the parties executed the document set forth in the findings, whereby the petitioner consented to the determination, assessment, and collection of taxes due for 1917 irrespective of any period of limitation.

The Revenue Act of 1921, under which the consent was executed, provided that the amount of any such taxes should " be determined and assessed within five years after the return was filed, unless both

the Commissioner and taxpayer consent in writing to a later determination, assessment, and collection of the tax." It was further provided that no suit or proceeding for the collection of any such taxes should be begun after the expiration of five years after the date when the return was filed. The consent here under consideration provided no definite period within which the determination, assessment and collection were to be made. On April 11, 1923, the Commissioner publicly issued a formal announcement to the effect that waivers for the 1917 taxes containing no limitation as to the time in which assessments might be made, would be held to expire April 1, 1924. The deficiency here in question was assessed within such period, on September 28, 1923, but the tax has not been collected, for immediately after the assessment a claim for abatement was filed and it was not until two years thereafter, September 22, 1925, that the petitioner was notified of the rejection of such claim. In the meantime no effort was made to collect the tax. It is the petitioner's contention that the term of the consent expired on April 1, 1924, and that thereafter no collection of the tax might be made, while the respondent contends that the consent continued in full force and effect.

The instrument under consideration is denominated an "income and profits-tax waiver." It is in fact a bilateral undertaking entered into by the parties pursuant to the statute. Technically, it is not a waiver of the statute, for it is made pursuant to the statute. It is not an acknowledgment of any existing obligation or a new promise to pay, from which a new cause of action arises, thus beginning anew the period of limitation. It is not an agreement not to plead the statute of limitations as a defense to any asserted tax liability. In short, it is not something to be considered as in avoidance of the statute. By the statute and by its terms, it operates to extend the time.

The statute provides that in the case of such a consent as we have here, the tax is to be determined, assessed and collected at any time prior to the expiration of the period agreed upon. The consent of the parties is indefinite as to the period within which these acts may be done but it is not to be assumed that it was their intention that there never should be any limitation. In such cases, rather than hold agreements which contain similar provisions void for indefiniteness, courts attempt to arrive at the intent of the parties. Occasionally the courts have construed agreements containing such indefinite terms as terminable at the will of either party, but the more generally accepted construction is either (1) that the contract must be performed within a reasonable time, or (2) that it continues until terminated by either party upon reasonable notice. And where a reasonable time is allowed, the party who is first to perform the

conditions of the contract may, by act, deed or otherwise, fix a limitation beyond which he may not extend the time for performance and upon which the other party to the contract may rely. (See Williston on Contracts, sec. 68, *et seq.*, and cases cited.) We see no reason why the rules laid down by the courts for the purpose of determining the intent of the parties in such cases are not equally applicable to a " consent in writing " such as we have here. It was recognized by this Board in the *Appeal of Warner Sugar Refining Co.*, 4 B. T. A. 5, where, having under consideration an instrument which in terms was a waiver of all statutory limitations, the Board said:

No notice was ever served upon the Commissioner by the taxpayer prior to the assessment of the amount here in controversy as to when it would regard the provisions of the waiver as having been fully complied with by both parties and become inoperative.

Here the Commissioner, having given notice that all waivers then on file, containing no limitation as to the time in which assessments for 1917 might be made, would be held to expire on April 1, 1924, fixed the expiration date of this consent by his own act. Any taxpayer who considered the period so long as to be unreasonable might have attempted to shorten the period by notice to the Commissioner or otherwise, but was not required to do so and was entitled to rely upon the act of the Commissioner.

Although it may have no significance, it is interesting to note that the Commissioner's notice was issued shortly after Congress, on March 4, 1923, had amended section 252 of the Revenue Act of 1921 to provide that when a taxpayer filed a waiver of his right to have taxes for 1917 determined and assessed within five years, credit or refund should be allowed if claim therefor was filed within six years from the time when the return was due. In the case of a taxpayer filing no such waiver, only five years was allowed, indicating that it was the intention of Congress that such waivers should extend the statute in behalf of taxpayers for one year. The action of the Commissioner in limiting such waivers to approximately one year in behalf of the Government is in line with this action on the part of Congress.

It should be noted that in the present case the tax was assessed on September 28, 1923, and a claim in abatement was filed on October 14, 1923. This left several months in which to collect the tax, either with or without passing upon the claim for abatement. No further consent in writing was entered into and no action was taken for two years. There is no claim that the petitioner further extended the time for collection, either in writing or otherwise, or that he has acted in such a manner as to estop him from claiming the benefits of the statute. If there had been no public an-

nouncement by the Commissioner fixing the time for which the agreement would remain in effect, we are nevertheless of the opinion that no action was taken within a reasonable time and collection of the tax would be barred.

The provisions of the Revenue Acts of 1924 and 1926 with respect to collection have no application where the statutory period for collection expired prior to the date of their enactment into law. We therefore conclude that collection of the tax is barred.

Reviewed by the Board.

*Decision will be entered for the petitioner.*