*260 OPINION.
Aeundell:
Of the arguments advanced by the petitioner against the validity of the consent agreements it executed on or about November 22, 1924, for the years 1918 and 1919, the material contentions are that the documents (1) do not bear the personal signature of the Commissioner, (2) lack a definite expiration date, (3) were executed subsequent to the expiration of the statutory periods of limitation, and (4) do not bear the corporate seal of the petitioner as required by the form adopted by the respondent. The facts involved in the questions raised by the petitioner do not differ in any material respect from those in proceedings heretofore passed upon by us contrary to the contentions being made. Perkins Land & Lumber Co., 9 B. T. A. 528; Ohio & Big Sandy Coal Co., 9 B. T. A. 617; National Piano Manufacturing Co., 11 B. T. A. 46; Cunningham Sheep & Land Co., 7 B. T. A. 652; Joy Floral Co., 7 B. T. A. 800; and Pictorial Printing Co., 12 B. T. A. 1407.
The return for 1918 was filed on June 5, 1919, and the return for 1919 was filed on March 12, 1920. The statutory periods of limitation for the respective taxable years expired on June 5, 1924, and March 12, 1925. Section 277 (a) (2), Revenue Act of 1924. The consent agreements filed by the petitioner for an extension of the statutory period of limitations for the assessment of taxes do not contain a definite expiration date, hence they operate to extend the statutory period a reasonable time after their date of execution. Cunningham Sheep & Land Co., supra. The respondent’s final determination of the petitioner’s tax liability for the years covered by the agreements was made on March 27, 1926, approximately two years after the expiration of the statutory period of limitations for *261 the year 1918 and one year after such period had expired for the year 1919. The petitioner is not contending, and we find no evidence of record to warrant a holding, that the respondent failed to determine the deficiency in controversy within a reasonable time after the execution of the consent agreements. It is our opinion that the assessment of the deficiencies for the years 1918 and 1919 is not barred by the statute of limitations.
The petitioner also contends that the jeopardy assessments made by the respondent for the years 1918 and 1919 were illegal because no jeopardy existed at the time they were made. In California Associated Raisin Co., 1 B. T. A. 1251, cited with approval in Henry Veeder, 10 B. T. A. 884, and James Couzens, 11 B. T. A. 1040, we held that the Board will not inquire into the basis for the Commissioner’s belief that jeopardy exists.
In the computation of the deficiency for 1919, the respondent-adjusted the petitioner’s account for patterns, woodcuts, drawings and photos, by capitalizing the amounts of $979.69 and $2,974.08, a total of $3,953.77, charged to expense for drawings and patterns, and allowed depreciation on the balance in the account at January 1, 1919, at the rate of 10 per cent per annum. The petitioner does not question the rate of depreciation allowed by respondent but contends that these two amounts are properly chargeable to expense and should not be capitalized.
We are satisfied from the evidence that the allocation made by petitioner in its books of the amounts expended for drawings is correct, and that $1,052.57 should be capitalized and $979.69 should be charged to expense. The testimony with reference to the patterns was to the effect that 75 per cent represented repairs and 25 per cent represented expenditures for new patterns. We are of the opinion that 25 per cent of $2,974.68 should be capitalized and the balance should be allowed as an expense and as such deductible from income.
The statement attached to the deficiency letter shows that the respondent exhausted small tools at the rate of 10 per cent per annum from 1901 to 1917, and during 1917 and 1918 at the rate of 20 per cent, due to increased production during those years. During the years 1919 and 1920 depreciation was allowed at the annual rate of 10 per cent on the balance in the account on the first day of the year. The petitioner claims that the rate should be 30 per cent.
The petitioner’s vice president testified that the life of small tools in use is from one minute to four or five years and an average of two and one-half years. The petitioner’s factory superintendent testified that the tools had an average life of three years. This evidence was in no Avay refuted by respondent and we are satisfied represents the true life of these tools. Petitioner asks for a depreciation of 30 per cent and this should be allowed for the years 1919 and 1920.
*262 As to the question concerning the proper rate of depreciation for the petitioner’s case hardening plant, the superintendent of petitioner’s plant testified that the fire bricks comprising the furnace of the plant burn out and the furnace has to be replaced every two years. He also testified that the frame within which the furnace is located “ would probably last a lifetime.” This testimony constitutes all the evidence before us on the probable life of the plant and is insufficient upon which to base a rate of depreciation other than that used by the respondent. Accordingly, the respondent’s determination is sustained.
The adjustment of petitioner’s invested capital for the years 1919 and 1920 on account of taxes due for prior years was correct in principle, but the amount thereof should be recomputed in the light of the foregoing opinion. Section 1207, Revenue Act of 1926 and Russel Wheel & Foundry Co., 3 B. T. A. 1168.

Judgment will be entered under Rule 50.