Ethel D. Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32032.   Promulgated November 8, 1932.

*M. K. Wild, Esq., Robert A. Littleton, Esq.,* and *Vincent K. Butler, Jr., Esq.,* for the petitioner.

*F. R. Shearer, Esq.,* and *E. L. Updike, Esq.,* for the respondent.

## OPINION.

LANSDON: Petitioner contends that the return filed on March 6, 1920, was a sufficient compliance with the statute to start the running of the statute of limitations and that the statutory period as extended by the waivers filed expired on December 31, 1925, as provided in the second waiver.

The respondent contends, first, that the document filed by petitioner on March 6, 1920, which purported to be an income tax return for the calendar year 1919, was not a sufficient return to start the running of the statute of limitations, and, second, that in any event the unlimited waiver filed with the collector of internal revenue on

April 1, 1925, was valid and effective at the time the notice of deficiency was mailed. The respondent's position is that the alleged return filed on March 6, 1920, was not sworn to " by the treasurer or assistant treasurer," as required by section 239 of the Revenue Act of 1918, and that the balance sheets as of the beginning and end of the taxable year were not attached to and made a part of the return as required by paragraph 14 of the general instructions accompanying Form 1120.

The facts are clear that, while J. R. Murphy held the official position of assistant secretary and signed the return as such, he, in fact, was the person responsible for petitioner's financial matters. We think he was a proper person to execute and acknowledge the return along with the president of the corporation. *Indiana Rolling Mills*, 13 B. T. A. 1141, and *Anderson Lumber Co.*, 15 B. T. A. 475. The facts presented here do not come within the language of the Supreme Court in *Lucas v. Pilliod Lumber Co.*, 281 U. S. 245. The court there held that the requirement of the Revenue Act of 1918, that returns of corporations shall be acknowledged, is not subject to waiver. In that case the return was unsupported by oath. Here the only irregularity is that the return is sworn to by the president and assistant secretary instead of the assistant treasurer, and we have found that to all intents and purposes the assistant secretary was the assistant treasurer.

The petitioner does not explain why the balance sheets requested were not attached to the return, but shows that the respondent accepted and acted upon the return as made and that such return contained the essential facts relative to income and deductions. In our opinion the omission did not make the return void. It contained the basic facts upon which the respondent determined the deficiency involved and is sufficient, we think, to start the statute running. *Mabel Elevator Co.*, 2 B. T. A. 517; *Colmer-Green Lumber Co.*, 12 B. T. A. 256; *Stetson & Ellison*, 11 B. T. A. 397; affd., 43 Fed. (2d) 553; *Valentine-Clark Co.* v. *Commissioner*, 52 Fed. (2d) 346; and *Myles Salt Co.* v. *Commissioner*, 49 Fed. (2d) 232.

The statute of limitations started to run on March 6, 1920, and under the provisions of section 250 (d) of the Revenue Act of 1918 the respondent had five years from that date to assess and collect any additional tax found to be due. The statutory period expired on March 6, 1925. Thereafter, on April 1, 1925, the petitioner filed an unlimited waiver of the statute of limitations, which, being prior to the passage of the Revenue Act of 1926, was effective to revive and extend the statute which had theretofore tolled. *Stange* v. *United States*, 282 U. S. 270; *Wells Brothers Co. of Illinois et al.*, 16 B. T. A. 79; *Pittsburgh Union Stockyards Co.*, 16 B. T. A. 139. An un-

limited waiver extends the statutory period for a reasonable time, or until termination by either party upon reasonable notice. *Wirt Franklin*, 7 B. T. A. 636; *Greylock Mills*, 9 B. T. A. 1281; affd., 31 Fed. (2d) 655; certiorari denied, 280 U. S. 566; *William S. Doig, Inc.*, 13 B. T. A. 256; *Corn Products Refining Co.*, 22 B. T. A. 605; and *Herman Frost*, 23 B. T. A. 411. The second waiver, which was requested immediately upon receipt of the first, fixed a definite date for the termination of the statutory period and in our opinion was a reasonable and sufficient notice to effect a termination of the unlimited waiver as of that date. If the first waiver remained in effect after the execution of the second, the latter could have had no meaning. Since the respondent required the second waiver after his receipt of the first, it is clear that he must have intended that it should be substituted for the unlimited waiver, which we think was abrogated by the request for and the execution of the second waiver. The statute of limitations had run on September 26, 1927, and the respondent was barred from making any further determination with reference to petitioner's tax liability.

Reviewed by the Board.

*Decision will be entered for the petitioner.*