ESTATE OF PRUDENCIO B. CAMARA, DECEASED, DAVID L. ZIEGLER, EXECUTOR, AND BILLIE J. CAMARA, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32918-86.    Filed November 23, 1988.

*Carle E. Davis* and *Donald W. Piacentini,* for the petitioners.

*William L. Ringuette,* for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined the following deficiencies in petitioners' Federal income tax:

| Year | Deficiency |
| --- | --- |
| 1971 | $4,316.85 |
| 1973 | 11,272.14 |
| 1974 | 7,711.83 |
| 1975 | 17,127.85 |
| 1976 | 20,458.66 |
| 1977 | 8,838.38 |

By order of the Court, issues relating to the years 1971, 1973, and 1976 were severed. The parties agree that the adjustments are proper and that the deficiencies are due unless assessment thereof is barred by the statute of limitations.

All of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Billie J. Camara was a resident of Hinton, West Virginia, at the time the petition was filed. She and her husband, Prudencio B. Camara, who died on May 7, 1982,[1] filed

---

[1] We will refer to Mrs. Camara and the Estate of Prudencio B. Camara as petitioners.

timely joint Federal income tax returns for 1974, 1975, and 1977 with the Internal Revenue Service Center at Memphis, Tennessee, on the following dates:

| Year | Date filed |
|---|---|
| 1974....................................... | June 15, 1975 |
| 1975....................................... | June 15, 1976 |
| 1977....................................... | June 15, 1978 |

A series of Forms 872 (Consent Fixing Period of Limitation Upon Assessment of Income Tax) extending the statute of limitations for 1974 and 1975 to December 31, 1980, were timely executed by Dr. and Mrs. Camara and on behalf of respondent.

A Form 872-A (Special Consent to Extend the Time to Assess Tax) related to the years 1970 through 1976 was executed by Dr. and Mrs. Camara on July 23, 1980, and on behalf of respondent on July 24, 1980. That form provides, in part, that the Federal income tax due for the years to which it applied:

may be assessed on or before the 90th (ninetieth) day after: (a) the Internal Revenue Service office considering the case receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s); or (b) the Internal Revenue Service mails Form 872-T to the taxpayer(s); or (c) the Internal Revenue Service mails a notice of deficiency for such period(s). * * *

The Form 872-A further provides: "This agreement ends on the earlier of the above [quoted] expiration date or the assessment date of an increase in the above tax that reflects the final determination of tax and the final administrative appeals consideration." We will refer to Form 872-A, as well as other extension agreements having no fixed termination date, as indefinite extension agreements.

A Form 872-A relating to 1977 was executed by Dr. and Mrs. Camara on February 12, 1981, and on behalf of respondent on February 18, 1981. That Form 872-A contained the language quoted above with respect to termination of the extension agreement.

At no time did petitioners, Dr. Camara, or anyone acting on their behalf send a Form 872-T (Notice of Termination of Special Consent to Extend Time to Assess Tax) to respondent, or attempt to terminate the consent given by the Forms 872-A for any of the tax years in issue.

On December 9, 1983, respondent mailed petitioners an examination report for the years in issue. During January 1984, petitioners filed a protest with respondent, protesting the changes set out in that examination report on the ground that the statute of limitations for the years in issue had run. The last contact petitioners had with respondent before he issued the notice of deficiency was on March 16, 1984, when a conference was held to consider petitioners' protest. May 19, 1986, respondent mailed petitioners the statutory notice of deficiency at issue herein.

In general, taxes imposed by the Internal Revenue Code must be assessed within 3 years from the time that the return is filed. Sec. 6501(a).[2] It is undisputed that the notice of deficiency herein was not sent to petitioners within the 3-year period. Therefore, unless an exception to the general rule applies, respondent's determination will be time-barred.

The period for assessment may be extended by agreement, provided that such agreement is executed before the period for assessment, or that period as extended by another agreement, has expired. Sec. 6501(c)(4).[3] Petitioners contend that assessment of tax for the years at issue is barred by the statute of limitations because respondent did not issue his notice of deficiency within a reasonable time after the Forms 872-A were signed. Respondent argues that he must have notice of a taxpayer's wish to terminate an indefinite extension agreement, and that such agreements do not expire by operation of law.

A consent to extend the statute of limitations is essentially a unilateral waiver of the taxpayer's defense rather than a contract; contract principles are important, however, because section 6401(c)(4) requires an agreement between the parties. *Kovens v. Commissioner*, 90 T.C. 452, 457 (1988). By their terms, the Forms 872-A signed by Dr. and

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect during the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[3]In relevant part, that subsection provides:

(4) EXTENSION BY AGREEMENT.—Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title * * * both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

Mrs. Camara require that an executed Form 872-T be delivered to respondent in order for Dr. and Mrs. Camara to terminate the extension agreements. See also *Grunwald v. Commissioner,* 86 T.C. 85, 88-90 (1986). Petitioners argue, in effect, that we should graft onto the agreement an additional term requiring that the agreement expire when a reasonable time has passed since its execution.

Petitioners base much of their argument on cases stating that indefinite extension agreements expire at the end of a reasonable time. The early cases upon which petitioners rely, however, are distinguishable, because the indefinite extension agreements with which they deal did not contain any provision covering the manner in which the agreement could be terminated. See, e.g., *Franklin v. Commissioner,* 7 B.T.A. 636 (1927).[4] See also *William S. Doig, Inc. v. Commissioner,* 13 B.T.A. 256 (1928). Those cases fill in that gap by adding a term to an agreement which was silent on the subject. Thus, they do not support petitioners' argument that we should add a term to the specific termination provisions contained in the extension agreements at issue herein.

Petitioners also cite *McManus v. Commissioner,* 65 T.C. 197 (1975), affd. 583 F.2d 443 (9th Cir. 1978), as requiring the implied term for which they contend. In that case, we were dealing with the taxpayer's assertion that indefinite extension agreements on the then-current Form 872-A (a predecessor of the Forms 872-A at issue here)[5] violated section 6501(c). We sustained the validity of the agreements and went on to hold that the agreements were reasonably used, emphasizing that there was no indication "that the petitioners ever notified the respondent of a desire to terminate the agreement." 65 T.C. at 208. In the course of our analysis, we stated that: "An agreement of the type in issue may very well not toll the statute of limitations indefinitely. This Court has held in several early cases that 'an unlimited waiver extends the statutory period for a

---

[4]Petitioners also cite *Farmers Union State Exchange v. Commissioner,* 30 B.T.A. 1051 (1934), and *Ethel D. Co. v. Commissioner,* 27 B.T.A. 25 (1932), affd. 70 F.2d 761 (D.C. Cir. 1934), both of which deal with the interplay between extension agreements of unlimited and limited duration.

[5]The Form 872-A at issue in that case did not require use of a Form 872-T to terminate the extension agreement, but rather stated that it would terminate 90 days after receipt by respondent of written notification that the taxpayer elected to terminate the agreement.

reasonable time, or until termination by either party upon reasonable notice.' " 65 T.C. at 208 (quoting *Ethel D. Co. v. Commissioner*, 27 B.T.A. 25, 27-28 (1932), affd. 70 F.2d 761 (D.C. Cir. 1934)). We note, however, that we also quoted *Greylock Mills v. Commissioner*, 31 F.2d 655 (2d Cir. 1929), affg. 9 B.T.A. 1281 (1928), which stated that:

> If waivers which are in terms unlimited are to be limited at all, we think they should expire only after the taxpayer gives notice to the Commissioner that he will regard the waiver as at an end after a reasonable time, say three or four months, from the date of such notice. * * * [31 F.2d at 658.]

Thus, *McManus* is far from clear as to what it considered to be the appropriate rule for termination of indefinite extension agreements, particularly since, in the final analysis, it concluded that the extension agreements involved therein were in fact reasonably used.[6]

Since *McManus* was decided, we have held that the current version of Form 872-A may be terminated only with a Form 872-T or a notice of deficiency. *Grunwald v. Commissioner*, 86 T.C. at 89-90.[7] See also *Tapper v. Commissioner*, 766 F.2d 401, 404 (9th Cir. 1985), affg. per curiam an order of this Court. We reached this result both because the Form 872-A explicitly allowed only two methods of termination and because the revised Form 872-A was meant to reduce the uncertainty that had surrounded indefinite extension agreements by eliminating the question of whether various written communications constituted termination letters. 86 T.C. at 89-90.

We think that both of those concerns are implicated here. Firstly, the Forms 872-A involved herein specifically allow a taxpayer to terminate it in writing on a Form 872-T. The parties to the extension agreement should be held to that term. See *Grunwald v. Commissioner*, 86 T.C. at 89. Secondly, certainty in the use of Form 872-A is further enhanced by not interpreting it to end by operation of law

---

[6]Cases citing *McManus v. Commissioner*, 65 T.C. 197 (1975), affd. 583 F.2d 443 (9th Cir. 1978), have been principally concerned with upholding indefinite extension agreements against attack on the grounds that sec. 6501(c)(4) requires a fixed expiration date, and have gone on to hold that the agreements were reasonably used. *Winn v. Commissioner*, 67 T.C. 499, 508 (1976), affd. in part and revd. in part on other issues 595 F.2d 1060 (5th Cir. 1979); *Carriage Square, Inc. v. Commissioner*, 69 T.C. 119, 126 (1977).

[7]Any argument by petitioners that the 1984 protest constituted notice of their intent to terminate the extension agreement is foreclosed by that case.

after a reasonable time. If the extension agreements of the type involved herein were held to end after a reasonable period of time without the giving of prior notice, we would be forced to make an inquiry into the facts and circumstances of every case in which a Form 872-A was utilized. Therefore, we hold that extension agreements that contain specific termination provisions do not end by operation of law after a reasonable time. To the extent that *McManus v. Commissioner, supra,* requires a different result, we will no longer follow it.[8] Our position in this regard is reinforced by the very recent opinion in *Kinsey v. Commissioner,* 859 F.2d 1361 (9th Cir. 1988), affg. a Memorandum Opinion of this Court, in which the Ninth Circuit Court of Appeals stated "Since silence is not an acceptable alternative to use of the Form 872-T and since neither the taxpayers nor the Service executed and mailed a Form 872-T, the extension could terminate only by the mailing of a statutory notice of deficiency" without making any reference to its affirmance of *McManus.* 859 F.2d at 1364.

Petitioners also argue that unlimited extensions of the statute of limitations violate the policy behind such extensions, which they assert, citing *Borg-Warner Corp. v. Commissioner,* 660 F.2d 324, 328 (7th Cir. 1981), revg. a Memorandum Opinion of this Court,[9] and Rev. Proc. 79-22, 1979-1 C.B. 563, is to facilitate the settlement and compromise of disputed tax liabilities. We do not think that a generalized statement of policy behind all extension agreements, which applies to those of both limited and unlimited duration, is sufficient to overcome the specific terms of the agreement to which Dr. and Mrs. Camara consented. Furthermore, the revenue procedure that petitioners cite lists two other goals to be met through use of indefinite extension agreements—eliminating the inconvenience of obtaining successive consents (a process required when extension agreements for a limited time are entered into) and relieving respondent of the problems of maintaining controls

---

[8]Our approach also avoids the necessity of an inquiry such as occurred in *Funk v. Commissioner,* T.C. Memo. 1988-388, and *Ribb v. Commissioner,* T.C. Memo. 1988-379.

[9]We note that the statement of the purpose behind extension agreements in *Borg-Warner* was made in the context of determining whether a letter sent to the taxpayer therein, informing it that the examination of its return was complete, was sufficient to terminate the extension agreement. See *Borg-Warner Corp. v. Commissioner,* 660 F.2d 324, 327 (7th Cir. 1981), revg. a Memorandum Opinion of this Court.

to ensure that the statute of limitations does not run on cases being examined. Rev. Proc. 79-22, sec. 2.03, 1979-1 C.B. 563. Respondent would be unable to meet either of these goals with indefinite extension agreements which set forth specific methods for termination if such extension agreements terminated after a "reasonable time" because, before such a time ended (a fact not readily determined with any precision), a new extension agreement would have to be executed and controls would have to be maintained to ensure that those new agreements were executed within that time.

We hold that the Forms 872-A for the years 1974, 1975, and 1977 were valid and that assessment of taxes for those years is not barred by the statute of limitations.

To reflect the foregoing,

*Decision will be entered under Rule 155.*

Reviewed by the Court.

NIMS, CHABOT, PARKER, WHITAKER, KÖRNER, SHIELDS, COHEN, CLAPP, SWIFT, GERBER, WRIGHT, PARR, WILLIAMS, WELLS, RUWE, WHALEN, and COLVIN, JJ., agree with this opinion.