**Douglas E. WALL, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 87–2684.

United States Court of Appeals, Tenth Circuit.

May 30, 1989.

David M. Berrett, Denver, Colo., for petitioner-appellant.

David E. Brunori, Atty., Tax Div., Dept. of Justice (William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen and David English Carmack, Attys., Tax Div., with him on the brief), Dept. of Justice, Washington, D.C., for respondent-appellee.

Before LOGAN, MOORE and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner Douglas E. Wall appeals from a decision of the United States Tax Court holding that the Commissioner of Internal Revenue was not barred from issuing Wall a notice of deficiency almost six years after Wall had executed Form 872–A, an indefinite waiver of the three-year limitations period on income tax assessments. *See* I.R.C. § 6501(a). The sole issue on appeal is whether the Commissioner should be estopped to assess the deficiency in this case for making it within an allegedly unreasonable period of time after Wall executed Form 872–A.

The facts are not in dispute. In 1975, the Internal Revenue Service (IRS) notified Wall that it needed additional time to complete its examination of Wall's 1972 tax return and requested an eighteen-month waiver of the three-year limitations period. Wall agreed and executed Form 872, which effected the waiver for the requested time. Subsequently, the IRS requested and received additional waivers for successive limited periods on the 1972 return and returns for certain other years. In 1980, however, the IRS requested an indefinite waiver that Wall executed on Form 872–A, which is designed specifically for that purpose. Three years later, the IRS requested certain information from Wall. After a series of intermittent settlement negotiations failed, the IRS issued Wall a deficiency notice in late 1985.

In the Tax Court, Wall did not contest the amount of the assessed deficiency and he does not challenge it here. Rather, Wall

argues that the indefinite waiver terminated upon the expiration of a reasonable time, which he claims elapsed prior to the IRS's assessment in this case. The Tax Court upheld the validity of the Form 872–A waiver, refusing to apply a "reasonable time" standard to such agreements. We agree with that holding.

The issue before us was recently presented to the full Tax Court, which unanimously held that Form 872–A waivers do not expire by operation of law after a reasonable time. *Estate of Prudencio B. Camara,* 91 T.C. No. 60 (1988)[1]; *see also Richard R. Stenclik,* 56 T.C.M. (CCH) 1059 (1989). In *Camara,* the court discussed seemingly inconsistent statements from prior cases regarding the validity of unlimited waivers and concluded that sound policy reasons militated against applying a reasonableness test to Form 872–A extensions.

We are in substantial agreement with the *Camara* court's analysis, and briefly note the most salient reasons why a reasonableness analysis should not be applied in the instant case. First, most of the decisions relied on by Wall and the taxpayer in *Camara* were decided either under indefinite extension agreements that contained no provisions for termination, or old Form 872–A, which provided for termination of the agreement ninety days after "written notification" to the IRS of an election to terminate, without specifying any particular form of that notice. *See, e.g., McManus v. Commissioner,* 583 F.2d 443, 446 & n. 4 (9th Cir.1978). In contrast, current Form 872–A, executed by Wall, provides a simple and effective method of terminating the waiver by requiring the use of Form 872–T, thereby eliminating any disputes about "whether various written communications constitute[ ] termination letters." *Camara,* 91 T.C. No. 60 at 961. It is undisputed that Wall never executed a Form 872–T termination.

Second, allowing a reasonableness defense to a Form 872–A waiver would embroil already overburdened courts in disputes between the Commissioner and taxpayers regarding what constitutes a reasonable assessment period. The need for such an inquiry is obviated by requiring the taxpayer to utilize the 872–T termination form or be held to the agreement he made. Third, the Form 872–A indefinite waiver relieves the IRS of the great administrative burden of tracking the limitations period and obtaining successive waivers on each individual case. Imposing a reasonableness standard would substantially undermine this objective. Finally, the Form 872–A waiver does not unilaterally benefit the government—the taxpayer obtains a quid pro quo in the form of more time to produce evidence to negate a deficiency or to negotiate a compromise and settlement before facing a deficiency notice that would require him to go to court to contest the assessment.

Having said all of this, we do not exclude the possibility of finding the government may be barred in an egregious case in which a Form 872–A has been executed—for instance, when the IRS has made no contact with a taxpayer for twenty years after a Form 872–A was executed. The facts of the present case, however, do not approach an extreme case in which the justification for a reasonableness analysis might outweigh the strong policy considerations discussed above for avoiding such an inquiry. Thus, the validity of Wall's waiver must be upheld.

AFFIRMED.

---

**1.** Neither party brought *Camara,* a decision squarely supporting the government's position, to the attention of this court. We should not have to remind practitioners before our bar that it is the practice in the Tenth Circuit to notify the court of all pertinent and significant authorities bearing on contested issues decided during the post-briefing period before a final decision is rendered. *Cf.* Fed.R.App.P. 28(j).