Robert M. ST. JOHN, Margaret E. St. John, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

Robert M. ST. JOHN, Margaret E. St. John, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

Nos. 90–35174, 90–35210.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1990.

Decided Dec. 16, 1991.

---

**7.** See Footnote 5.

W. Dennis Starkel and Sherman V. Lohn, Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs-appellants, cross-appellees.

Shirley D. Peterson, Asst. Atty. Gen. and Richard Farber, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee, cross-appellant.

Before BROWNING, CANBY and TROTT, Circuit Judges.

PER CURIAM:

The government appeals the district court's order denying its motion for judgment notwithstanding the verdict. It argues the district court erred in holding the government must assess a deficiency in a taxpayer's tax within a reasonable period of time, and therefore in submitting to the jury an interrogatory asking whether the government had done so in the St. John's case. Taxpayers cross-appeal,[1] claiming the jury erred in finding against them on two other interrogatories.[2]

I

Internal Revenue Code § 6501(a) provides that taxes must be assessed within three years after the return is filed. An exception is allowed where the IRS and the taxpayer have consented in writing to assessment after the expiration of the three years.[3] I.R.C. § 6501(c)(4). Form 872–A was drafted pursuant to this exception.

Form 872–A provides the extension of the limitations period will terminate 90

---

1. The government argues this court has no jurisdiction over taxpayers' cross-appeal because the district court granted them all the relief they sought in their complaint. However, an appellee is not precluded from filing a notice of appeal even if the judgment below is entirely favorable because of the risk that cross-appellants may become aggrieved upon reversal on the direct appeal. *Bryant v. Technical Research Co.*, 654 F.2d 1337, 1341 (9th Cir.1981); *see also* Fed.R.App.P. 4(a)(3) (allowing cross-appeals within 14 days of the first notice of appeal). We have jurisdiction of both the government's appeal and taxpayers' cross-appeal.

2. These two interrogatories submitted to the jury the taxpayers' defenses of estoppel and lack of mutuality. Aside from legal deficiencies in these defenses, both rested on questions of fact that were submitted to the jury and resolved against the taxpayers on sufficient evidence.

3. The full text of § 6501(c)(4) is as follows: Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title, ... both the Secretary and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.

days after any one of three events occur: (A) the IRS mails a Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, to the taxpayer; (B) the IRS office considering the case receives a Form 872–T from the taxpayer; or (C) the IRS mails a notice of deficiency to the taxpayer. The form also states that if a notice of deficiency is sent, the time for assessing the deficiency shall be further extended by the number of days the assessment was previously prohibited, plus 60 days.[4]

## II

Taxpayers filed a joint federal income tax return for 1976 in which they reported a loss deduction resulting from their partnership interest in SP Pine Hills Properties. In a letter dated October 5, 1979, the IRS notified taxpayers the partnership was under audit and that "CERTAIN ADJUSTMENTS MAY BE PROPOSED TO THE ENTITY(S) RETURN WHICH MAY AFFECT YOUR INDIVIDUAL TAX RETURN FOR THE YEAR 1976." The letter noted that the IRS did not expect to receive the results of the audit before the statute of limitations expired with respect to taxpayers' 1976 return. It then stated, "IN ORDER TO ALLOW TIME FOR ADEQUATE CONSIDERATION OF YOUR CASE IN CONJUNCTION WITH THE AUDIT OF THE ENTITY(S), WE REQUEST THAT YOU SIGN THE ENCLOSED CONSENT, FORM 872A."

The enclosed Form 872–A stated in pertinent part that the taxpayers agreed to the following:

(1) THE AMOUNT OF ANY FEDERAL INCOME TAX DUE ON ANY RETURN(S) MADE BY OR FOR THE TAXPAYER(S) FOR THE PERIOD ENDED DECEMBER 31, 1976, MAY BE ASSESSED ON OR BEFORE THE 90TH (NINETEETH) [sic] DAY AFTER: (A) THE INTERNAL REVENUE SERVICE OFFICE CONSIDERING THE CASE

RECEIVES FORM 872–T, NOTICE OF [TERMINATION OF] SPECIAL CONSENT TO EXTEND THE TIME TO ASSESS TAX, FROM THE TAXPAYER(S), OR (B) THE INTERNAL REVENUE SERVICE MAILS FORM 872–T TO THE TAXPAYER(S), OR (C) THE INTERNAL REVENUE SERVICE MAILS A NOTICE OF DEFICIENCY FOR SUCH PERIOD(S). HOWEVER, IF A NOTICE OF DEFICIENCY IS SENT TO THE TAXPAYER(S), THE TIME FOR ASSESSING THE TAX FOR THE PERIOD(S) STATED IN THE NOTICE OF DEFICIENCY WILL BE FURTHUR [sic] EXTENDED BY THE NUMBER OF DAYS THE ASSESSMENT WAS PREVIOUSLY PROHIBITED, PLUS 60 DAYS.

Taxpayers consulted their accountant who they claim indicated the extension applied only to items in the return relating to the partnership. They then signed the enclosed Form 872–A.

Three years later, on October 8, 1982, taxpayers executed and mailed to the IRS a Form 872–T, Notice of Termination of Special Consent to Extend the Time to Assess Tax. The IRS received the form on October 14. On December 30, within the 90–day period following the termination of the 872–A consent, the IRS mailed a Notice of Deficiency in which it determined a tax deficiency of $26,947 resulting from adjustments to taxpayers' 1976 return regarding both the partnership loss and other transactions. The IRS assessed the deficiency on May 23, 1983.

Taxpayers paid the deficiency and, after the IRS denied their petition for a refund, instituted this lawsuit. The primary issue at trial was whether the assessment was barred by the statute of limitations. Among the questions submitted to the jury was the following:

Do you find, by a preponderance of the evidence presented, that the Government

---

4. The taxpayer has 90 days from the date a deficiency notice is sent to file a petition in the Tax Court for redetermination of the deficiency. During this 90–day period, the IRS is prohibited by law from assessing the deficiency unless the taxpayer files a written waiver with the IRS. I.R.C. § 6213(a), (d).

assessed the tax deficiencies in issue within a reasonable period of time?

YES___ NO _X_

Based on the answer to this question, the court entered judgment in favor of taxpayers.

## III

The government contends the district court erred by holding the Form 872-A consent terminates by operation of law after expiration of a reasonable period following execution of the form, and by submitting the reasonableness issue to the jury.[5] Whether a Form 872-A consent is valid only for a reasonable period of time after its execution is a question of law reviewed de novo. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984) (en banc).

Taxpayers contend that under this court's ruling in *McManus v. Commissioner*, 583 F.2d 443 (9th Cir.1978), a Form 872-A consent may be terminated by operation of law if the IRS does not assess any tax within a reasonable time period. In *McManus* the taxpayers contended the Form 872-A they executed was invalid, *ab initio*, under I.R.C. § 6501(c)(4) because it did not set a definite time when the limitations period would end. In rejecting this contention we said the limitations period was not extended indefinitely because "[t]he tax court held that the waiver would be accepted and operative for a reasonable time only." *Id.* at 446. Taxpayers contend this language established a fourth method of terminating their consent.

However, in *Estate of Camara v. Commissioner*, 91 T.C. 957 (1988), the Tax Court pointed out that Form 872-A had been revised after *McManus* to clarify the termination provisions of the form, and that limiting the methods of termination to the three expressly identified in the revised

form would serve the purpose of the revision by reducing uncertainty, while introducing a reasonableness requirement would be inconsistent with that purpose. *Id.* at 961–62.

After the revision of Form 872-A we held, and now hold again, that a Form 872-A consent may be terminated only by the taxpayer or the IRS sending a Form 872-T to the other, or by the IRS mailing a notice of deficiency to the taxpayers. *See e.g., Kernen v. Commissioner*, 902 F.2d 17, 18 (9th Cir.1990) ("We have previously refused to recognize alternative methods for terminating Form 872-A beyond those specifically listed in the form."); *Kinsey v. Commissioner*, 859 F.2d 1361, 1363–64 (9th Cir.1988) (IRS letter did not terminate Form 872-A since it was not one of the three methods of termination expressly stated in Form 872-A).[6]

## IV

Taxpayers argue in the alternative that even if the consent did not terminate after a reasonable period, the IRS failed to assess the deficiency within the time limits provided by Form 872-A itself.[7] The form reads:

"HOWEVER, IF A NOTICE OF DEFICIENCY IS SENT TO THE TAXPAYER(S), THE TIME FOR ASSESSING THE TAX FOR THE PERIOD(S) STATED IN THE NOTICE OF DEFICIENCY WILL BE FURTHUR [sic] EXTENDED BY THE NUMBER OF DAYS THE ASSESSMENT WAS PREVIOUSLY PROHIBITED, PLUS 60 DAYS."

Taxpayers argue 150 additional days are allowed only if Form 872-A consent is terminated by the issuance of a notice of deficiency (method (C)). Taxpayers contend the Form 872-T they sent terminated

---

5. Taxpayers argue the government is precluded from appealing on these grounds because it did not raise these issues below. However, the government made clear in its motion for directed verdict that the issue of reasonableness should not have been submitted to the jury.

6. The Second and Tenth Circuits have adopted this position. *See Stenclik v. Commissioner*, 907

F.2d 25, 28 (2d Cir.1990); *Wall v. Commissioner*, 875 F.2d 812, 813 (10th Cir.1989).

7. The government argues taxpayers are precluded from raising this argument because they did not do so below. However, taxpayers did raise the contention in their brief opposing the government's motion for judgment notwithstanding the verdict.

the consent and also waived the 90 day prohibition under § 6213(a). Therefore, the IRS had only 60 days from the date of issuance of the deficiency notice in which to assess the tax. Under this reading of Form 872–A, the assessment on May 23 would have been untimely.

The government contends this provision gave the IRS an extra 150 days for assessment regardless of which of the three waiver methods was used: 90 days after the notice of deficiency under I.R.C. § 6213(a) (prohibiting assessment to allow taxpayers time to file a Tax Court petition) plus 60 days. Thus, in this case, the taxpayers executed the Form 872–T and sent it to the IRS on October 8, 1982 (method A). The IRS sent a deficiency notice on December 30, 1982, within the 90 day period allowed by Form 872–A. It then assessed the tax on May 23, 1983, within 150 days of the deficiency notice.

In support of their argument, taxpayers point to the initial language in Form 872–A which states "THE AMOUNT OF ANY FEDERAL INCOME TAX DUE ON ANY RETURN(S) ... *MAY BE ASSESSED* ON OR BEFORE THE 90TH (NINETEETH) [sic] DAY AFTER" the IRS receives the Form 872–T. They contend this language waives the 90–day prohibition period. This reading fails to take into account the sentence which follows specifically acknowledging the existence of a period in which assessment is prohibited.

Taxpayers also rely on Revenue Ruling 66–17, 1966–1 C.B. 272, stating that execution of a Form 870, "Waiver of Restriction on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment," waives the 90–day prohibition period and starts the running of the 60–day addition. However, taxpayers executed Form 872–T, not Form 870. Form 872–T is titled "Notice of Termination of Special Consent to Extend the Time to Assess Tax," and does not specifically waive the 90–day prohibition period.

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

V

REVERSED and REMANDED with instructions to enter judgment notwithstanding the verdict for the United States.