ESTATE OF NORMAN HERR, DECEASED, PHILIP M. HERR, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Herr v. Commissioner
Docket No. 1511-89
United States Tax Court
T.C. Memo 1992-88; 1992 Tax Ct. Memo LEXIS 97; 63 T.C.M. (CCH) 2056; T.C.M. (RIA) 92088; February 12, 1992, Filed *97 Decision will be entered under Rule 155. Roger D. Lorence, for petitioner. Janet F. Appel, for respondent. WELLS
WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined the following deficiencies in and increased interest on the underpayment of decedent's Federal income tax: Increased Interest
Year
Deficiency
Sec. 6621(c)
1975
$ 43,358.00
[1]
1976
16,720.00
[1]
Unless otherwise indicated, all section references are to the Internal Revenue code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issue for decision is whether, in his determination of deficiencies and increased interest against petitioner, respondent may rely upon two Forms 872-A executed by Norman Herr prior to his death. FINDINGS OF FACT Some of the facts and certain documents have been stipulated for trial pursuant to Rule 91. We incorporate *98 in this Opinion the parties' stipulations irrespective of any restatement below. Petitioner is the Estate of Norman Herr. Norman Herr (the decedent) died April 7, 1981, a resident of Merrick, New York. Grace Herr, the decedent's wife, died October 21, 1977. The decedent and his wife filed a joint Federal income tax return for taxable year 1975 on April 15, 1976, and for taxable year 1976 on June 10, 1977. On February 15, 1979, the decedent executed a Form 872, "Consent Fixing Period of Limitation Upon Assessment of Tax", which extended the period of limitations for taxable year 1975 to December 31, 1980. On August 4, 1980, the decedent executed a Form 872-A, "Special Consent to Extend the Time to Assess Tax", for taxable year 1975. On March 27, 1980, the decedent executed a Form 872-A for taxable year 1976. Decedent executed both Forms 872-A while residing in Oceanside, New York. In April 1981, Philip M. Herr and Steven Herr were appointed coexecutors of petitioner by the Surrogate's Court, Nassau County, Mineola, New York. They filed an estate tax return for petitioner on December 30, 1981. Steven Herr died on November 19, 1987. Philip M. Herr (the executor) is the decedent's *99 sole remaining executor. The executor resided in Marlboro, New Jersey at the time of filing the petition in the instant case. Between January 1982 and May 1982, the executor had several conversations with Bob May, an employee of respondent, concerning the decedent's taxable year 1977, a taxable year not in issue in the instant case. When the executor learned of an ongoing audit examination of four partnerships that formed the basis of the adjustments for taxable year 1977, the executor asked Mr. May to tell him what additional years remained open. The executor remembers that "Mr. May stated something to the effect that respondent would contact petitioner in the future with respect to any additional open years." The executor was not contacted about such additional open years, until 1987 when respondent mailed a 30-day letter for the decedent's taxable years in issue. The executor sent no written inquiry to respondent concerning the status of any of the decedent's income tax returns for taxable years prior to 1977. On August 5, 1988, the executor filed with respondent two Forms 872-T, "Notice of Termination of Special Consent to Extend the Time to Assess Tax", pertaining to decedent's *100 1975 and 1976 taxable years. On October 25, 1988, respondent mailed the notice of deficiency for the decedent's taxable years 1975 and 1976 by certified mail to the petitioner at its last known address. The parties have stipulated the deficiencies for each taxable year in issue in the event the Court decides that notice of deficiency was mailed within the applicable period of limitations. OPINION Generally, under section 6501(a), the Commissioner has 3 years to assess any tax. Exceptions that extend the time permitted for assessment are found in section 6501(c). The relevant exception to the instant case, section 6501(c)(4), provides that if, prior to the expiration of the applicable period for assessment, the Secretary and the taxpayer have consented in writing that the Commissioner may assess a tax after such period, the Commissioner may assess the tax at any time prior to the expiration of the agreed period. In the instant case, prior to his death, the decedent extended the period of limitations for each of the taxable years in issue by signing a Form 872-A. Both Forms 872-A provide that the consent granted by the form may be terminated only by the actions specified in *101 the form, namely: (1) Receipt of a Form 872-T by the Internal Revenue Service (IRS) office having jurisdiction over the audit of decedent's return; (2) mailing of a Form 872-T by the IRS; (3) mailing of a notice of deficiency by the IRS; and (4) assessment by the IRS of an increase in tax that reflects the final determination and final administrative appeals consideration. None of the actions specified in the Form 872-A to terminate the consent occurred until the executor mailed the Forms 872-T to the IRS on August 5, 1988. Petitioner argues that the consent granted by the Forms 872-A which the decedent signed prior to his death terminated on the decedent's death. Petitioner first contends that respondent abused his authority in the instant case because he did not mail the notice of deficiency until 8 years after the extension agreements were signed. Petitioner alternatively contends that respondent has no excuse for the eight-year delay and that the equitable doctrine of laches therefore should apply to terminate the extension agreements. Both of petitioner's contentions reflect the argument that the Commissioner may not take an unreasonable amount of time after the execution *102 of a Form 872-A to determine deficiencies in the taxpayer's Federal income tax liability for the taxable years covered by the form. We addressed that argument, however, in Estate of Camara v. Commissioner, 91 T.C. 957 (1988). In Estate of Camara, we held that extension agreements that contain specific termination provisions are not terminated by operation of law after a reasonable period of time. Estate of Camara v. Commissioner, 91 T.C. at 962. See also St. John v. United States, 951 F.2d 232 (9th Cir. 1991); Kernen v. Commissioner, 902 F.2d 17 (9th Cir. 1990); Kinsey v. Commissioner, 859 F.2d 1361 (9th Cir. 1988), affg. T.C. Memo. 1987-92. Cf. Wall v. Commissioner, 875 F.2d 812, 813 (10th Cir. 1989), affg. an unreported Order of this Court. Petitioner next contends that the executor's lack of knowledge of the outstanding Forms 872-A for the taxable years in issue is grounds for treating the consents to extend the limitations period as having terminated on the decedent's death. We, however, do not find any significance in the executor's *103 lack of knowledge. Although an extension agreement is not a contract, we look to contract principles to interpret the parties' agreement. Kronish v. Commissioner, 90 T.C. 684, 693 (1988). Unless the rights and obligations created in a contract are personal in nature, they survive the death of a party to the contract and are enforceable against the estate of the deceased party. Matteson v. Dent, 176 U.S. 521, 525 (1900); Gura v. Herman, 238 N.Y.S. 230, 232 (App. Div. 1929), affd. 171 N.E. 808 (1930); Williston on Contracts, sec. 1945 (3d ed. 1978); Restatement 2d, Contracts 2d, secs. 261 and 262 (1981). As the provisions of the extension agreements in issue are not personal to the decedent, contract principles require that petitioner be bound by the decedent's agreement to indefinitely extend the period of limitations. The executor's lack of knowledge thus is not relevant. Petitioner next argues that a provision of Rev. Proc. 79-22, 1979-1 C.B. 563, should estop respondent from relying on the Forms 872-A in issue. The provision of the revenue procedure relied on by petitioner *104 states: "cases involving a Form 872-A will receive the same priority handling and expeditious consideration as those involving a Form 872." Petitioner argues that respondent may not rely on the extension agreements because he did not treat the returns in the instant case as expeditiously as he would have been required to treat them if decedent had signed a Form 872. We do not find merit in petitioner's argument. The statement in the revenue procedure regarding the expeditious handling of taxpayers' cases does not appear to us to be a self-imposed limit on respondent's discretion. Rather, the provision appears to be in the nature of internal guidance. We find nothing to suggest that respondent intended taxpayers to rely on the provision to preclude respondent from relying on an indefinite extension when he takes a longer period than he normally does to determine a deficiency. See Capitol Federal Savings & Loan v. Commissioner, 96 T.C. 204, 219 (1991). Finally, petitioner contends that respondent should be equitably estopped from relying upon the extension agreements in the instant case. The application of equitable estoppel requires, among other elements, *105 the existence of a false representation or a wrongful, misleading silence. Kronish v. Commissioner, supra at 695. The parties stipulated that the executor remembers asking Mr. May during 1982 to tell him if any taxable years in addition to 1977 were open and that Mr. May told him that the Commissioner would "contact him in the future with respect to any additional open years". Petitioner argues that, because respondent did not contact the executor about any open years until he received a 30-day letter in 1987, a false representation or a wrongful, misleading silence exists. We do not agree. Setting aside whether Mr. May had the authority to bind respondent with respect to the period of limitations, the statement made by Mr. May does not specify the manner in which or the period during which the executor would be contacted. Respondent did in fact "contact" the executor when he sent the 30-day letter to petitioner in 1987. If the executor required more definite information, he had the burden to make a more explicit request of respondent. Accordingly, we do not find that any false representation or wrongful, misleading silence exists in the instant case. *106 Consequently, equitable estoppel does not lie against respondent. We have considered all of petitioner's remaining arguments and find them to be without merit. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. 120% of the adjusted rate of interest under section 6601.↩