MARTIN S. LAVINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lavine v. Commissioner
Docket No. 24538-92
United States Tax Court
T.C. Memo 1995-270; 1995 Tax Ct. Memo LEXIS 271; 69 T.C.M. (CCH) 2938; June 19, 1995, Filed *271 Decision will be entered for respondent. Martin S. Lavine, pro se. For respondent: Robert J. Misey, Jr. FAY
FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Year
Deficiency
1979
$ 10,241
1980
3,682
1981
6,444
The issues for decision are: (1) Whether respondent timely issued a statutory notice of deficiency. We hold that she did. (2) Whether the interest under section 6404(e) [1] should be abated. We hold that it should not. Some of the facts have been stipulated. The stipulation of facts, together with the attached exhibits, is incorporated herein by this reference. At the time he filed his petition, petitioner resided in Eureka Springs, Arkansas. Petitioner filed joint Federal income tax returns for the taxable year 1979 on June *272 16, 1980, for the taxable year 1980 on April 15, 1981, and for the taxable year 1981 on June 15, 1982. Respondent issued a statutory notice on August 7, 1992, for all of the years at issue. On February 10, 1982, petitioner executed a Form 2848, which gave his power of attorney to Neal M. Fischer, his Certified Public Accountant ("C.P.A."), for the taxable years 1979, 1980, and 1981. This was a general power of attorney which was not limited in any respect. On January 14, 1983, Mr. Fischer executed a Form 872-A on behalf of petitioner for the taxable year 1979. On February 17, 1984, Mr. Fischer executed a Form 872-A on behalf of petitioner for the taxable year 1980. On February 7, 1985, Mr. Fischer executed a Form 872 on behalf of petitioner for the taxable year 1981 extending the statute of limitations until December 31, 1986. On September 24, 1986, Mr. Fischer executed a Form 872-A on behalf of petitioner for the taxable year 1981. At the time Mr. Fischer executed the forms 872-A on behalf of petitioner, petitioner had not revoked the power of attorney. Section 6501(a) sets forth the general rule that "the amount of any [income] tax * * * shall be assessed within 3 years *273 after the return was filed". An exception is found in section 6501(c)(4), which provides for an extension by agreement. Petitioner asserts that the statute of limitations had expired before the statutory notice was issued. A petitioner pleading the statute of limitations as a bar to the assessment of tax must make a prima facie case by proving the filing date of the return and the expiration of the general 3-year assessment period. Respondent must then go forward with countervailing proof showing that, for some reason, the period of limitation had not expired when the statutory notice was issued. Mecom v. Commissioner, 101 T.C. 374, 382 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994). Respondent's burden is discharged by introducing into evidence a consent, valid on its face, that extends the period of limitation for assessment up to the date of mailing of the statutory notice of deficiency. Schenk v. Commissioner, T.C. Memo. 1976-363. After respondent introduces a consent that is valid on its face and petitioner asserts that such consent was ineffective, then petitioner *274 is required to prove the invalidity of the consent. Crown Willamette Paper Co. v. McLaughlin, 81 F.2d 365 (9th Cir. 1936); Rault v. Commissioner, T.C. Memo. 1982-283. The statutory notice was issued on August 7, 1992. Pursuant to the power of attorney, Mr. Fischer duly executed Forms 872-A for all of the years at issue before the statute of limitations had run. Petitioner argues on brief that alleged fraudulent misrepresentation by Mr. Fischer makes the power of attorney voidable, and, therefore, the Forms 872-A that Mr. Fischer signed on petitioner's behalf are voidable as well. An executed Form 2848 gives the person holding the power of attorney the authority to sign a consent agreement extending the period of assessments on behalf of the taxpayer. Scherr v. Commissioner, T.C. Memo. 1991-92. Petitioner testified that he feels that he was misled by his C.P.A. regarding his investment in a tax shelter, which gave rise to the deficiencies in the years at issue. He has not, however filed a civil suit against his C.P.A. for his alleged misconduct. Nor had petitioner, at the times the *275 Forms 872-A were signed, revoked the power of attorney granted to the C.P.A. When a taxpayer executes a valid Form 2848, he is normally bound by the acts performed by his agent pursuant to the power of attorney. Lefebvre v. Commissioner, T.C. Memo. 1984-202 (1984), affd. 758 F.2d 1340 (9th Cir. 1985). Willoughby v. Commissioner, T.C. Memo. 1994-398; Lyon v. Commissioner, T.C. Memo. 1994-351. We find that petitioner executed valid Forms 2848 granting Mr. Fischer his power of attorney. We find no evidence to support the argument that the Forms 872-A were invalid, and, therefore, petitioner has failed to carry his burden as to this issue. Petitioner further contends that the Forms 872-A are invalid because they extended the period of limitations beyond a reasonable time. We disagree. The fact that the extension granted by Form 872-A does not expire on a date certain does not undermine its validity. Estate of Camara v. Commissioner, 91 T.C. 957 (1988). Petitioner's argument that a Form 872-A expires by operation of law after a *276 "reasonable" time has been rejected by this Court. Id. Moreover, petitioner put forth no proof to support his contention that an unreasonable amount of time had passed between the filing of the returns at issue and the issuance of the statutory notice. In his brief, petitioner, for the first time, argues that his due process rights under the Fifth Amendment have been violated. Petitioner asserts that he has been deprived of his rights because he did not receive copies of correspondence sent to Mr. Fischer. Petitioner did, however, receive the statutory notice, for he filed a signed petition with this Court. Moreover, since petitioner met with an Appeals Officer even before the statutory notice was issued he must have received at least some correspondence. Petitioner's unsupported and general allegations that he did not receive some unspecified correspondence cannot support his claim of a due process violation. We find that petitioner's due process rights were not violated. Petitioner also contends that we should abate the interest on the deficiencies at issue. The Tax Court is a court of limited jurisdiction. Sec. 7442; Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 420-422 (1943). *277 The Tax Court does not have jurisdiction over section 6404(e) abatement of interest on the deficiencies. 508 Clinton St. Corp. v. Commissioner, 89 T.C. 352 (1987). Klein v. Commissioner, 899 F.2d 1149 (11th Cir. 1990). Because we have no jurisdiction over this issue, we can provide petitioner no relief. We have considered all other of petitioner's arguments and find them to be without merit. Respondent issued a statutory notice of deficiency when the statute of limitations for all years was open as a result of valid Forms 872-A executed by Mr. Fischer acting pursuant to petitioner's power of attorney, and we have no jurisdiction to consider abating the interest pursuant to section 6404(e). Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩