GREYLOCK MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11926. Promulgated January 14, 1928.

*Sanford Robinson, Esq.*, and *Truman Henson, Esq.*, for the petitioner.

*Henry Ravenel, Esq.*, for the respondent.

## OPINION.

SIEFKIN: In this case the question is presented as to whether the statute of limitations has run against the proposed deficiencies for the year 1917, the six-month period ended June 30, 1918, and the fiscal year ended June 30, 1919, and had run against taxes which were collected on October 5, 1925, the same being an assessment made on January 3, 1920, of additional taxes asserted to be due on the

return for the year 1917, and a portion of the taxes shown to be due by the taxpayer on the return for the fiscal year ended June 30, 1919, assessed November 26, 1919. The deficiency claimed is in the total sum of $111,287.91, as follows:

Calendar year 1917_____ $42, 476. 36
Period January 1 to June 30, 1918_____ 14, 568. 67
Fiscal year ended June 30, 1919_____ 54, 242. 88

The total amount alleged to have been overpaid is $47,090.60.

There is no doubt that the waiver for 1917 taxes, even if valid, expired on April 1, 1924, due to the announcement of the Commissioner to that effect; and the taxes assessed thereafter were barred by the statute of limitations.

In the case of *Wirt Franklin*, 7 B. T. A. 636, it was held that where the Commissioner gave notice that a consent in writing to the determination, assessment and collection after the time otherwise prescribed by law for such determination, assessment and collection, entered into by the Commissioner and the taxpayer, would expire at a certain time, in the absence of other factors, such as an estoppel against the taxpayer, the Commissioner may not determine, assess, or collect the tax after the date fixed by him for the termination of the consent.

In that case we stated:

Occasionally the courts have construed agreements containing such indefinite terms as terminable at the will of either party, but the more generally accepted construction is either (1) that the contract must be performed within a reasonable time, or (2) that it continues until terminated by either party upon reasonable notice. And where a reasonable time is allowed, the party who is first to perform the conditions of the contract may, by act, deed or otherwise, fix a limitation beyond which he may not extend the time for performance and upon which the other party to the contract may rely. (See Williston on Contracts, sec. 68, *et seq.*, and cases cited.) We see no reason why the rules laid down by the courts for the purpose of determining the intent of the parties in such cases are not equally applicable to a " consent in writing " such as we have here.

In *Henry M. Leland*, 8 B. T. A. 974, it was also held that an outstanding waiver concerning the year 1917 expired April 1, 1924.

The instrument set forth in the findings of fact entitled " Income and Profits Tax Waiver " which covered the years 1917–1920 is undated but it is shown that it was filed with the respondent by the petitioner on February 6, 1923. However, the petitioner contends that since the Commissioner gave petitioner no notice of its acceptance, it is invalid and of no effect. Petitioner had no notice that the instrument was signed by respondent until October 19, 1925, at which time petitioner saw the instrument at a conference at the

Income Tax Unit. At this time the petitioner gave notice that it did not consider the instrument valid.

However, the evidence discloses that Sidney Alexander, Head of the Special Audit Division of the Bureau of Internal Revenue, acting under specific authority of the respondent, signed the instruments in behalf of the respondent at some time prior to September, 1923. This instrument so executed, constituted written consent as provided by the statute, but that part of it referring to taxes for the year 1917 we must consider as having expired April 1, 1924.

In the cases of *Perkins Land & Lumber Co.*, 9 B. T. A. 528, and *Trustees for Ohio & Big Sandy Coal Co. et. al.*, 9 B. T. A. 617, it was held that it is not necessary for the Commissioner to sign personally waivers in order to have valid consent in writing.

There then arises the question as to whether that portion concerning the taxes for the years 1918 and 1919 had expired prior to December 18, 1925, the date on which the notice of deficiency was mailed to the petitioner. In view of the fact that the Commissioner's bulletin referred only to waivers concerning taxes for the year 1917, we can not hold that the waiver in question expired as to taxes for 1918 and 1919, simply because it also refers to 1917.

As stated before, in the absence of waivers, the statute of limitations would run on the 1918 taxes on June 15, 1924, and on the 1919 taxes on September 19, 1924. The waiver was filed by petitioner on February 6, 1923, leaving a period of approximately three years between the time of filing the waiver and the time the notice of deficiency was sent to petitioner. However, during that time no notice was given by the petitioner as to a termination of the consent, but on the contrary, a suit was brought by petitioner to compel respondent to accept calendar year returns, which suit was resolved in favor of respondent on March 3, 1924, and as late as December 1, 1925, the petitioner and the respondent were corresponding regarding the taxes in controversy.

In the appeal of the *Warner Sugar Refining Co.*, 4 B. T. A. 5, we said, in holding that a waiver had not expired prior to assessment:

No notice was ever served upon the Commissioner, by the taxpayer, prior to the assessment of the amount here in controversy, as to when it would regard the provisions of the waiver as having been fully complied with by both parties and become inoperative.

In *Appeal of Cunningham Sheep & Land Co.*, 7 B. T. A. 652, it was held that 20 months was a reasonable time after the filing of a waiver within which the Commissioner might assess taxes.

In the case at bar the petitioner gave notice at a conference on October 19, 1925, that it considered the waiver invalid, but upon the ground that the Commissioner gave no notice of acceptance.

Petitioner did not at any time notify the respondent as to the time at which it would consider the waiver to have expired.

We find that the Commissioner acted within a reasonable time after the consent was filed, and must hold that the assessments for the years 1918 and 1919, were not barred by the statute of limitations.

Another question to be considered is whether the Board has jurisdiction to determine whether the statute of limitations had run against the collection on October 5, 1925, of the 1917 taxes.

Section 284 (e) of the Revenue Act of 1926 provides as follows:

(e) If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer as provided in subdivision (a). Such refund or credit shall be made either (1) if claim therefor was filed within the period of limitation provided for in subdivision (b) or (g), or (2) if the petition was filed with the Board within four years after the tax was paid, or in the case of a tax imposed by this Act, within three years after the tax was paid.

While the Board has no jurisdiction of appeals involving overpayments as an original issue, yet when jurisdiction has been assumed in a case involving an asserted deficiency, by section 284 (e) of the Revenue Act of 1926 the Board may determine whether there has been an overpayment. The decision on this point turns upon the question whether the collection of a tax claimed as an overpayment was barred by the statute of limitations at the time of collection.

The collector of internal revenue, on October 5, 1925, collected from the petitioner the sum of $18,791.62, being taxes asserted by the respondent to be due for the calendar year 1917 in addition to those shown on the return. This tax was assessed January 3, 1920. The petitioner filed a claim for refund of this on March 16, 1926, but the claim was rejected on or about September 30, 1926. The return was filed on April 5, 1918, and the period within which this could be collected expired on April 5, 1923, and the waiver in the case expired April 1, 1924. Since collection was not made until October 5, 1925, we must hold that the collection was barred prior to that time by the statute of limitations.

The collector also, on October 5, 1925, collected from the petitioner the sum of $28,298.98, being the balance shown to be due on its return for the fiscal year ended June 30, 1919, in the sum of $21,994.02, together with interest thereon in the sum of $6,304.96.

In the absence of a waiver the period within which this could be collected would have expired on September 19, 1924, since the return was filed on September 19, 1919, but a waiver was executed which

extended the time, and we must hold that this collection was not barred by the statute of limitations.

Reviewed by the Board.

> *Judgment will be entered that there is no deficiency for the calendar year 1917 and that there has been an overpayment of taxes for the calendar year 1917 in the amount of $28,298.98. The proceedings, so far as they relate to the period January 1 to June 30, 1918, and the fiscal year ended June 30, 1919, are restored to the general calendar for assignment for hearing upon the merits in due course.*