KEELER BRASS CO. AND KEELER REALTY CO., PETITIONERS, *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6218. Promulgated January 19, 1928.

*Frank E. Seidman, C. P. A., Julius H. Amberg, Esq.,* and *Jacob S. Seidman, Esq.,* for the petitioners.
*Alva C. Baird, Esq.,* for the respondent.

### MEMORANDUM OPINION.

SIEFKIN: In our former decision in this proceeding (9 B. T. A. 293), we stated: " In view of our decision on the merits, we deem it unnecessary to determine the question whether the assessment or collection is barred."

Petitioners filed a motion, after decision, asking that we decide the question as to the statute of limitations, stating that the decision upon the merits does not dispose of the entire case.

Petitioners' contentions as to the statute of limitations rest upon two principal premises. They contend that assessment and collection are now barred because (1) certain waivers are inoperative, and (2) an additional period is not given for collection by the Revenue Acts of 1924 and 1926. The waivers are said to be inoperative because it is not shown that the Commissioner personally signed them. We have discussed and rejected similar contentions in *Trustees of Ohio & Big Sandy Coal Co., et al.,* 9 B. T. A. 617, and in *Pantlind Hotel Co.,* 9 B. T. A. 878. We also reject the contention of petitioners that we must presume that the Commissioner signed such waivers after the statutory period for assessment and collection had expired. Three of the four waivers purport to be executed upon a certain date and in the absence of any showing to the contrary, we must assume that date to be the date of execution.

An examination of the last two waivers set out in our findings of fact makes extended discussion of petitioners' second point useless. The first of the waivers is dated November 15, 1924, and by its terms extends the statutory period for assessment and collection at least to March 15, 1926. The second waiver, dated November 24, 1925, given while this proceeding was pending, specifically gives the Commissioner until December 31, 1926, within which to assess and collect these taxes, and states further—

except that if a notice of deficiency in tax is sent to said taxpayer by registered mail before said date and * * * if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board.

A notice of deficiency was sent to petitioners by registered mail before said date (on June 19, 1925) and an appeal was filed with this

Board. These facts, when taken in connection with the clear language of the waivers, make certain that the statute of limitations has not run.