*851 OPINION.
Littleton:
The only question here is whether under the written consents, hereinbefore set forth, the deficiency is barred by the statute of limitations. Petitioner contends, first, that the consents were of no effect because the Commissioner did not give petitioner notice of his acceptance and signing of them; that “ under rudimentary principles the taxpayer’s January 9th offer to enter into a consent in writing with the Commissioner had to be unconditionally accepted and notice of such acceptance promptly communicated in order to bind either party. Either a failure to communicate such acceptance or a secret acceptance, was a rejection of the offer.” Secondly, that the burden of proof in respect of the statute of limitation is upon the Commissioner and he has not sustained this burden. Thirdly, that, assuming the consent of January 9, 1924, to be valid, the language of the Jaiiuary 19, 1924, consent that “ This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned,” conveys the meaning that if there were any other waivers then on file, *852 the limitation period as extended by them was not further extended, but merely preserved. Fourthly, assuming that these consents were effective when made to extend the limitation period for assessment and collection to January 9, 1926, the deficiency is nevertheless barred under sections 277 (b) and 278 (d) of the Revenue Act of 1924 and section 270 (d) of the Revenue Act of 1926.
We are of the opinion that the contentions of the petitioner are without merit. Notice by the Commissioner of his acceptance of consents is not necessary to their validity. Greylock Mills, 9 B. T. A. 1281; aff'd., 31 Fed. (2d) 665. The statute provides that if the taxpayer and the Commissioner consent in writing the tax may be assessed within the period agreed upon. The consents were sent to the petitioner by the Commissioner with a request that they be executed; they were signed and were returned to the Commissioner and were then signed by him. They were then valid consents under the statute. There is no showing that the consents were not signed by the Commissioner within a reasonable time. Keeler Brass Co., 10 B. T. A. 3; Premier Packing Co., 12 B. T. A. 637. The language of the two consents is not identical, and the mere fact that the petitioner and the Commissioner entered into two consents does not render either of them invalid. They must be construed together. Pictorial Printing Co., 12 B. T. A. 1407. Petitioner had a right, had it desired, to refuse to sign the first consent or, having signed it, to stand upon it and decline to execute another one.
In view of our conclusion that the consents were valid, the second contention that the Commissioner has not overcome the prima facie showing that the statute had run is not well taken.
The consent of January 19, 1924, by its terms extended the period of limitation one year beyond the period of five years from the date the return was filed, or for a period of one year beyond the limitation fixed by the waiver already on file. The first waiver extended the period of limitation to January 9, 1925. The second waiver of January 19, 1924, therefore operated to extend the period of limitation to January 9, 1926. Trustees for Ohio & Big Sandy Coal Co. et al., 9 B. T. A. 617.
The last contention that the period for assessment and collection expired on January 9, 1926, and was not further extended by the Revenue Acts of 1924 and 1926, was decided by the Board contrary to the claim here made. Trustees for Ohio & Big Sandy Coal Co., supra. See, also, Loewer Realty Co. v. Anderson, 31 Fed. (2d) 268.
Reviewed by the Board.

Judgment will Toe entered for the respondent.