GREYLOCK MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45465. Promulgated November 9, 1929.

*Sanford Robinson, Esq.*, for the petitioner.
*Frederick R. Shearer, Esq.*, for the respondent.

76

78

LITTLETON: In effect the issue presented is whether the letter of July 5, 1929, set out in our findings, is merely the statement by the Commissioner of a balance due on the basis of our prior determination in *Greylock Mills*, 9 B. T. A. 1281, or whether it is a notice from the Commissioner of a deficiency determined by him in excess of that determined in *Greylock Mills, supra.* A consideration of the entire record, the material parts of which are set forth in our findings, brings us to the conclusion that no additional deficiency is here shown to have been determined.

When the petitioner came before the Board in *Greylock Mills, supra,* jurisdiction was taken in the proceeding because there had been a determination by the Commissioner of a deficiency. The deficiency as then computed by the Commissioner, recognized by the petitioner as having been so determined and accepted by the Board for the purpose of jurisdiction, was $14,568.67. This deficiency was determined by the Commissioner as the difference between the total tax which he found assessable, $170,580.63, and the original tax assessed, $156,011.96. As the result of jurisdiction taken as indicated above, the Board promulgated a decision on the issue presented to it and thereafter the parties stipulated that the deficiency properly determinable thereunder was $9,878.13. While the manner in which the deficiency was arrived at was not set forth either in the stipulation or in the order of the Board entered thereunder, we think the only reasonable conclusion to be drawn from the record is that the parties agreed that there was a deficiency of $9,878.13 instead of $14,568.67; that is, the parties agreed that the tax liability of the petitioner was $4,690.54 less than that theretofore determined by the Commissioner. The petitioner agrees that an amount of $9,878.13 was stipulated as the correct deficiency, but contends that on the basis of the stipulation the deficiency was an amount in excess of that shown by it on its return when filed, $78,005.98, or a total tax liability of $87,884.11. We find nothing in the record which supports such a conclusion. It is true that the starting point in the determination of a deficiency is the amount of tax shown due by the taxpayer upon the return as filed, but of equal importance in such a determination is the amount of tax actually imposed by the appropriate revenue act. The deficiency is the difference between the two amounts after proper adjustments for intervening assessments, abatements, credits and refunds. Obviously, if the petitioner's contention as to the starting point is correct, the

Commissioner, on the basis of the total tax liability found by him, should have determined his deficiency as the difference between $78,005.98 and $170,580.63, instead of the difference between $156,-011.96 and $170,580.63, which would have merely served to have increased the amount of the deficiency shown by him. But when the parties came before us, at that time no question was raised as to the amount to be deducted from the correct tax liability in order to arrive at the deficiency; in effect what was in issue was the petitioner's correct tax liability as a necessary incident to the correctness of the deficiency then shown, and in no way called into controversy the amount to be deducted from the correct tax liability in order to arrive at the deficiency. It will be noted that the letter of July 5, 1929, on which the petitioner asks us to take jurisdiction, does not purport to make any changes in income or tax liability; it merely takes the amount of $156,011.96 which was used as the starting point in his determination of the deficiency involved in the prior proceeding and asks for the payment of the unpaid portion thereof, consideration being given therein for appropriate charges and credits on account of interest accrued and payments made. The collection of tax finally determined to be due is a matter within the province of the Commissioner and over which we have no control.

And, further, when jurisdiction was taken in the prior proceeding, it was on the basis that the Commissioner was seeking to have the petitioner pay more tax than he had previously paid and not on the theory of a claim for refund on the part of the petitioner. At that time the petitioner had paid $100,000 on account of its tax liability for the period in question. Certainly, if the petitioner's contention is correct, the deficiency determined by the Commissioner was an amount in excess of that shown due by the petitioner upon its return or on the basis of a total tax liability of $92,574.65 ($78,005.98 plus $14,568.67), an amount less than the $100,000 previously paid. Similarly, on the same basis, it would be said that when the Board entered its order to the effect that there was a deficiency of $9,878.13, it was finding that the petitioner's total tax liability was $87,884.11 ($78,005.98 plus $9,878.13), or an amount which would entitle the petitioner to a refund of $12,115.89 ($100,000 less $87,884.11). The Board not only took jurisdiction on the basis that a deficiency had been determined by the Commissioner, as shown on the face of the deficiency notice and as contemplated by the statute, but also found, as the result of its consideration, that an actual deficiency existed— not that a refund should be granted. This action has been affirmed by the Circuit Court of Appeals and the writ of certiorari to the Supreme Court has been denied. What might have been the result,

from a jurisdictional standpoint, had the point now raised been presented in the initial proceeding, it is unnecessary to determine. Suffice it to say that it is too late now to contend that the jurisdiction taken and order entered pursuant thereto were erroneous, and to ask that the previous determination be reversed and inquired into a second time.

On the basis of the foregoing, we are of the opinion that the letter of July 5, 1929, is a mere statement of a balance due under a prior determination and not a notice of a final determination of an additional deficiency.

Reviewed by the Board.

*Order of dismissal for lack of jurisdiction will be entered accordingly.*