CURTIS D. HARBER, III AND JOSEPHINE B. HARBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
HARBER v. COMMISSIONER
Docket No. 13279-90
United States Tax Court
T.C. Memo 1992-707; 1992 Tax Ct. Memo LEXIS 790; 64 T.C.M. (CCH) 1510; December 15, 1992, Filed *790 Decision will be entered under Rule 155. For Petitioners: Sarah A. Duckers. For Respondent: Rodney J. Bartlett. DAWSON
DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) [1] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: Respondent determined deficiencies in petitioners' Federal income taxes, additions to tax, and increased interest under section 6621(c) as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
[1]6653(a)(1) [2]6653(a)(2) 6659
6661
1983
$ 140,575
$ 7,029
[3]
$ 42,173
[4]
1984
108,114
5,406
[3]
32,434
[4]
1985
84,979
4,249
[3]
25,494
[4]
1986
50,934
2,547
[3]
15,280
[4]
*791 The sole issue for decision is whether the period of limitations under section 6501(a) bars respondent from making an assessment against petitioners for their 1983 tax year. The resolution of that issue hinges upon whether a Form 872, Consent to Extend the Time to Assess Tax, executed by the parties to extend the period of limitations for 1983, is valid. In a written stipulation the parties have agreed to the deficiencies in income taxes, the additions to tax, and increased interest for all taxable years. The agreement includes the year 1983 if the Court holds for respondent on the statute of limitations issue for that year. FINDINGS OF FACT Some of the facts were stipulated and are so found. The stipulation and exhibits are incorporated *792 herewith by this reference. Petitioners, husband and wife, resided in Houston, Texas, when they filed their petition in this case. Petitioners filed joint Federal income tax returns for 1983, 1984, 1985, and 1986. Their return for 1983 was filed timely on June 29, 1984, pursuant to an automatic extension to file. On June 11, 1987, petitioners filed an amended return for 1983. On March 9, 1987, petitioners executed a Form 872, Consent to Extend the Time to Assess Tax, agreeing to extend the period of limitations for assessment for 1983 to December 31, 1989. This extension of the period of limitations is not in dispute. On September 13, 1989, the Examination Division of the Houston District of Internal Revenue (IRS) issued a report (the 30-day letter) proposing adjustments to petitioners' returns for taxable years 1983 through 1986. At the same time, petitioners were requested to extend the period of limitations for 1983 indefinitely by executing a Form 872-A, Special Consent to Extend the Time to Assess Tax. On September 15, 1989, petitioners' authorized representative, attorney George M. Gerachis, spoke by telephone to IRS employees Deidra Charles and Ann Brinlee concerning *793 the 30-day letter, expressing petitioners' desire to have the case heard by the Appeals Division of the IRS in Houston (IRS Appeals). In these conversations, it was made clear to Mr. Gerachis that IRS Appeals would not accept any case for consideration unless each year at issue had at least a full year remaining on the period of limitations at the time the case was transferred to IRS Appeals. At the time the parties conversed, petitioners' 1983 limitations period was to expire December 31, 1989; the 1984 and 1985 tax years extended indefinitely, pursuant to Forms 872-A; and the 1986 tax year was to expire June 3, 1990. Respondent's representatives suggested to Mr. Gerachis that a Form 872-A be executed on behalf of petitioners for their 1983 tax year to extend the period of limitations indefinitely for that year. Mr. Gerachis declined to agree to an indefinite extension but agreed to offer a reasonable extension of less than one year. Mr. Gerachis was also advised that a written protest to the 30-day letter would also be necessary in order to have the case considered by IRS Appeals. On October 16, 1989, Mr. Gerachis mailed a written protest requesting appellate consideration *794 of petitioners' case, including a conference with IRS Appeals. In accordance with accepted practice, the protest was addressed to respondent's examination division. Mr. Gerachis enclosed with his protest a Form 872 he prepared and signed on behalf of petitioners, but only for the 1983 tax year, in which the period of limitations for 1983 was extended to September 30, 1990 (the 9/30/90 Form 872). He did not prepare or include with his protest any Form 872 for the 1986 tax year, even though the period of limitations for that year would expire on June 3, 1990. Thus, the limitation periods for 1983 and 1986, at that point, did not provide for a full year to satisfy the requirements of IRS Appeals, as had been discussed with Mr. Gerachis in the telephone conversations with respondent's representatives, Ms. Charles and Ms. Brinlee, on September 15, 1989. Petitioners' protest and the 9/30/90 Form 872 were received by respondent's examination division on October 18, 1989. The 9/30/90 Form 872 for 1983 was signed by Ms. Brinlee on behalf of the Houston District Director of IRS on October 18, 1989. Ms. Brinlee had the authority to sign such forms on behalf of respondent. The records *795 of the examination division show that a letter, IRS Letter 929, confirming extension of the time to assess tax for 1983, was sent to petitioners at their home address on October 18, 1989. The letter refers to an attached copy of the consent, Form 872. No copy of this letter and attachment was sent to Mr. Gerachis, even though the Form 2848 executed by petitioners, which designated Mr. Gerachis as their agent and representative, specified that copies of all correspondence to petitioners be sent to Mr. Gerachis. Petitioners never received the form Letter 929 and the 9/30/90 Form 872 until service of respondent's answer to their petition in this case. [2] Prior to that time, petitioners and Mr. Gerachis believed the 9/30/90 Form 872 had not been signed by anyone on behalf of respondent. On the same day the 9/30/90 *796 Form 872 was received by the IRS, another letter, form Letter 907, was sent to petitioners by respondent's examination division requesting that petitioners extend the period of limitations for 1983 and 1986 to December 31, 1990, by executing Forms 872 enclosed with the letter. The 1986 tax year was included because the limitations period for 1986, as noted earlier, would expire on June 3, 1990. This letter was received by petitioners, who forwarded it to Mr. Gerachis. Neither petitioners nor Mr. Gerachis signed the enclosed Forms 872. Form Letter 907 did not refer to the 9/30/90 Form 872. On October 19, 1989, IRS employee Deidra Charles telephoned Mr. Gerachis, informing him that the protest and 9/30/90 Form 872 had been received but that her supervisor advised her that the 9/30/90 Form 872 was not acceptable because it provided only a 9-month extension of the period of limitations. It is not clear from the record whether Ms. Charles knew at that time that the 9/30/90 Form 872 had been signed by her coordinator, Ms. Brinlee, the preceding day but, in any event, she did not inform Mr. Gerachis of that fact. As a result of the telephone conversation with Ms. Charles, Mr. Gerachis *797 believed the 9/30/90 Form 872 had been rejected by the IRS. Mr. Gerachis did not request that the 9/30/90 Form 872 be returned to him or petitioners because he thought the unaccepted form would simply be thrown away. Mr. Gerachis advised Ms. Charles that, since the 9/30/90 Form 872 was not acceptable, he would submit another Form 872 extending the period of limitations to December 31, 1990, a full year, but would restrict extension of the period of limitations to those adjustments in the 30-day letter (the restricted Form 872). Mr. Gerachis prepared two restricted Forms 872, for 1983 and 1986, extending the period of limitations for each year to December 31, 1990. Petitioners signed both restricted Forms 872 and forwarded them to respondent's examination division, where they were received on December 5, 1989. Prior to receipt of the restricted Forms 872, the examination division sent petitioners a letter dated November 24, 1989, requesting an indefinite extension of the period of limitations for 1983 by executing a Form 872-A, which was enclosed with the letter. This Form 872-A was received by petitioners but was never signed by them or by Mr. Gerachis. On December 5, 1989, *798 Mr. Gerachis spoke by telephone with Ms. Charles and Ms. Brinlee. He was advised that the restricted Forms 872 for 1983 and 1986 had been received but would not be accepted by respondent because the examination division had no authority to accept restricted consents and, unless petitioners consented to a full year's extension of the statute for both years, without restrictions, petitioners' case could not be referred to IRS Appeals. Mr. Gerachis was not willing to yield on his position and advised Ms. Charles and Ms. Brinlee to issue the notice of deficiency. Petitioners did not thereafter pursue any further administrative consideration of their case nor were there any further communications between them or their attorney with respondent, except that, on December 11, 1989, petitioners forwarded to respondent a remittance of $ 82,190.30 for taxes and interest for their 1983 through 1986 tax years. [3] A notice of deficiency for the years 1983 through 1986 was issued on April 6, 1990. *799 OPINION Generally, income taxes must be assessed within 3 years after a return is filed, whether or not the return is filed on or after the prescribed date for filing. Sec. 6501(a). Thus, in this case, under the general rule the period of limitations for taxable year 1983 would have extended to and expired on June 29, 1987, 3 years from the date the 1983 return was filed. Pursuant to section 6501(c)(4), the taxpayer and respondent may consent in writing to extend the 3-year period of limitations on assessment. The parties do not dispute that petitioners and respondent timely executed a valid Form 872, which provided an extension of the period of limitations for 1983 to December 31, 1989. Respondent contends that a second Form 872 (the 9/30/90 Form 872) signed on petitioners' behalf by their authorized representative, Mr. Gerachis, and delivered to the IRS on October 18, 1989, effectively extended the period of limitations for 1983 to the date specified therein, September 30, 1990. Petitioners do not dispute that Mr. Gerachis had authority to act and in fact acted on their behalf in signing and submitting the 9/30/90 Form 872. The 9/30/90 Form 872 bears the signature of an *800 authorized employee of the IRS signifying acceptance of the extension within the extended period of limitations. Under these circumstances, the burden of proof is on petitioners to show the invalidity of the written consent. Schulman v. Commissioner, 93 T.C. 623, 639 (1989); Kronish v. Commissioner, 90 T.C. 684, 692-693 (1988). It is well settled that a consent to extend the period of limitations on assessment is not a contract but rather is a unilateral waiver of a defense by the taxpayer. Stange v. United States, 282 U.S. 270, 276 (1931); Kronish v. Commissioner, supra at 693; Piarulle v. Commissioner, 80 T.C. 1035, 1042 (1983); Tallal v. Commissioner, 77 T.C. 1291 (1981). Nevertheless, contract principles are significant because section 6501(c)(4) requires a written agreement. In this regard, the Court looks to objective manifestations of mutual assent to determine the terms of such agreement. Kronish v. Commissioner, supra at 693; Piarulle v. Commissioner, supra at 1042. *801 Petitioners first argue that the 9/30/90 Form 872 is invalid because respondent did not show that it was executed by the IRS employee, Ms. Brinlee, before December 31, 1989, the date the first extension of the period of limitations expired. Petitioners suggest that Ms. Brinlee's signature might have been affixed after December 31, 1989, but no evidence was presented to establish that. Ms. Brinlee, whom the Court finds was a credible witness, testified that she signed the form when she received it on October 18, 1989. Her testimony is supported by various documents reflecting entries in IRS computer and manual systems for tracking statute of limitations expiration dates made on or shortly after October 18, 1989. Accordingly, the Court concludes that Ms. Brinlee signed the 9/30/90 Form 872 on October 18, 1989, within the extended period of limitations. Ordinarily, establishing that the 9/30/90 Form 872 was signed by an authorized person of the IRS with the intent to accept petitioners' offer to extend the period of limitations is sufficient to establish that the parties reached an agreement. Petitioners contend, however, that the 9/30/90 Form 872, even if timely signed by Ms. *802 Brinlee, is invalid under general contract law principles for one or more of the following reasons: (1) Petitioners' offer to extend the period of limitations was expressly rejected by respondent through Ms. Charles' statement to Mr. Gerachis that the 9/30/90 Form 872 was unacceptable; (2) extension forms with different terms, constituting counteroffers, were sent to petitioners by the IRS after the 9/30/90 Form 872 had been received by the IRS (a Form 872 on October 18, 1989, and a Form 872-A on November 24, 1989); and (3) respondent never notified petitioners that their offer (the 9/30/90 Form 872) had been accepted. Petitioners contend that this lack of notice, combined with Ms. Charles' statements that the 9/30/90 Form 872 was not acceptable, and the sending of additional extension forms misled petitioners into believing that their offer (the 9/30/90 Form 872) had been rejected. Alternatively, petitioners argue that respondent should be equitably estopped from relying on the 9/30/90 Form 872. Respondent denies that the 9/30/90 Form 872 was rejected. Respondent contends that the 9/30/90 Form 872 was valid on its face and was accepted because the period of limitations for 1983 *803 would otherwise have expired on December 31, 1989. However, respondent contends that the 9/30/90 Form 872 was not acceptable for purposes of petitioners' protest and consideration of their case by IRS Appeals, and that all of the discussions with petitioners' representative dealt with obtaining consents for both 1983 and 1986 so that petitioners' protest could be considered by IRS Appeals. The discussions did not center on the 9/30/90 Form 872, which respondent had accepted, because respondent's examination division had notified petitioners by letter that the period of limitation for 1983 had been extended, with a copy of the 9/30/90 Form 872, and respondent's employees assumed the letter and attachment had been received by petitioners. Addressing petitioners' first argument, the record does not support a finding that respondent's examination division rejected the 9/30/90 Form 872. The Form 872 was prepared by petitioners' representative, Mr. Gerachis, and was enclosed with the protest and request for appellate consideration of petitioners' case. Mr. Gerachis was well aware, from earlier conversations with respondent's employees, Ms. Charles and Ms. Brinlee, that petitioners' *804 case would not be forwarded to IRS Appeals until all years at issue had a full year remaining on the period of limitations. There were 2 years in petitioners' case which required extensions, 1983 and 1986. Although Mr. Gerachis never agreed to extensions of a full year, it is equally clear that respondent's representatives never agreed to anything less. Petitioners' argument overlooks the fact that the discussions between Mr. Gerachis and respondent's representatives took place between September 15 and December 5, 1989. Everyone knew and was keenly aware that the period of limitations for 1983 would expire on December 31, 1989. Respondent's representatives wanted to make sure that the 1983 limitations period was extended beyond December 31, 1989, but the efforts to obtain unrestricted consents for 1983 and 1986 to December 31, 1990, were solely to aid petitioners in having their case considered by IRS Appeals. Respondent's representatives at no time expressed any intent not to extend the 1983 limitations period, even though the 9/30/90 Form 872 did not extend the period beyond September 30, 1990. The 9/30/90 Form 872 was properly accepted by respondent. Petitioners' second *805 argument is that respondent counteroffered extensions to petitioners by mailing a Form 872 on October 18, 1989, and a Form 872-A on November 24, 1989, thus rejecting the 9/30/90 Form 872. As noted earlier, the two subsequent forms sent by respondent, Form 872 and Form 872-A, all dealt with efforts by respondent's employees in the examination division to place petitioners' case in the situation where the case could be considered by IRS Appeals. There were 2 years, 1983 and 1986, which required longer limitation periods, and the Forms 872 and 872-A sent by respondent were attempts to posture the case for appellate consideration. Respondent had no other reason to mail these subsequent forms except for the protest filed by petitioners. These subsequent mailings by respondent did not constitute counteroffers with respect to extension of the limitations period for 1983. Petitioners' third argument is that respondent failed to notify them of acceptance of their consent (the 9/30/90 Form 872), and that such "silent acceptance", considered in light of other factors evident in the case, was misleading and ineffective. Petitioners acknowledge that failure to notify a taxpayer that a consent *806 to extend the period of limitations has been accepted or failure to provide a copy of the consent to the taxpayer does not invalidate the consent. See Findlay v. Commissioner, 39 T.C. 580, 588 (1962), affd. in part and revd. in part on other grounds 332 F.2d 620 (2d Cir. 1964); Greylock Mills v. Commissioner, 9 B.T.A. 1281, 1288 (1928), affd. 31 F.2d 655 (2d Cir. 1929); Huffmeyer v. Commissioner, T.C. Memo. 1987-48; Holtsinger, Inc. v. Commissioner, T.C. Memo. 1986-282. Nevertheless, petitioners contend that failure to give proper notice of acceptance in this case, in conjunction with Ms. Charles' statement that the 9/30/90 Form 872 was unacceptable, and the continued solicitation of petitioners to execute other extension forms, was misleading; therefore, the general rule that lack of notice does not invalidate the consent should not apply. Petitioners base this argument on the fact that they were not notified by mail or otherwise that Ms. Brinlee had accepted the 9/30/90 Form 872 nor were they or their *807 attorney, Mr. Gerachis, provided with a copy of the 9/30/90 Form 872. In support of this argument, petitioners noted that respondent's internal records of the mailing were ambiguous and inaccurate and questioned why petitioners never received an executed copy of the 9/30/90 Form 872 yet received subsequent correspondence from respondent seeking the additional consents discussed earlier herein. The imperfections or ambiguities in respondent's internal records cited by petitioners are of no significance. Respondent's employees who maintained these records, and who testified at trial, were not at all confused by their records or by the contents of their records. Ms. Charles and Ms. Brinlee testified distinctly as to their recollection of conversations with Mr. Gerachis. The sequence of events regarding petitioners' case were all noted on the records they maintained. Petitioners have failed to show how they were adversely affected by respondent's internal records. The witnesses testified that the 9/30/90 Form 872 was mailed to petitioners with a cover letter. That letter was not received by petitioners. The Court does not believe that the other circumstances of this case which *808 have been thoroughly discussed, combined with the failure of petitioners to receive the 9/30/90 Form 872, constitute a situation warranting deviation from the general rule that the lack of notice to petitioners invalidated respondent's acceptance of the 9/30/90 Form 872. Petitioners contend, in the alternative, that respondent should be estopped from relying upon the 9/30/90 Form 872 because the statements and actions of respondent's personnel misled them into believing that the offer had been rejected, and that they relied thereon to their detriment. The following elements must be shown to sustain petitioners' claim that respondent is equitably estopped: (1) A false representation or misleading silence; (2) the error must originate in a statement of fact and not in an opinion or statement of law; (3) the party claiming the benefits of estoppel must be ignorant of the true facts; and (4) the party claiming the benefits of estoppel must be adversely affected by the acts or statements of the party against whom estoppel is claimed. Piarulle v. Commissioner, 80 T.C. 1035, 1044 (1983). The Court has found no false representation or misleading silence *809 on the part of respondent. Further, while petitioners assert that they relied to their detriment because of their understanding that the 9/30/90 Form 872 had been rejected, the payment of tax and interest by petitioners on December 11, 1989, for the taxable years at issue, which included 1983, does not support petitioners' contention that they anticipated expiration of the period of limitations for assessment of 1983 taxes on December 31, 1989. On this record, we hold that respondent is not estopped from relying on the 9/30/90 Form 872 to show that petitioners consented to extend the period of limitations on assessment beyond the date of the notice of deficiency dated April 6, 1990. In a supplemental brief, petitioners cited Hicks v. Commissioner, T.C. Memo. 1991-564, in further support of their case. In the Hicks case, the Commissioner sent an unrestricted Form 872 to taxpayers to extend the period of limitations on their tax year which was under audit. In the cover letter accompanying the Form 872, the agent stated that the audit would be limited to one item reported on Schedule E of the taxpayers' return. That item was later resolved in favor *810 of the taxpayers; however, the Commissioner issued a notice of deficiency based upon other adjustments which were not related to the Schedule E item. Because the notice of deficiency was issued after expiration of the 3-year period of limitations under section 6501(a), the taxpayers contended that the Form 872 was a restricted consent, limited to the one Schedule E item and was invalid with respect to the other adjustments in the notice of deficiency. This Court agreed with the taxpayers, finding that the accompanying letter of transmittal by the Commissioner's agent, together with the Form 872, constituted a restricted agreement. Thus, the extension of the period of limitations was invalid as to the other adjustments in the notice of deficiency. Petitioners contend that the rationale of the Hicks case is applicable in this case, arguing: The basis for the Hicks holding, that the IRS cannot be permitted to say one thing yet mean another, is directly applicable to the present case. In this case, Respondent's authorized representatives objectively manifested a rejection of Petitioners' offer to extend the statute of limitations * * *. Respondent's agents informed Petitioners' *811 representative that the proffered Form 872 was "unacceptable," * * * and on two separate occasions after the alleged "acceptance" of the First 872, sought a different extension from Petitioners * * *. These overt acts were directly at odds with Respondent's alleged silent acceptance of the First 872 and directly misled Petitioners.
As discussed earlier, the record in this case does not support petitioners' factual assumptions. The Court concludes that respondent did not reject the 9/30/90 Form 872; that form was accepted by respondent; and the subsequent communications were for the purposes of furthering petitioners' desire to have their case considered by IRS Appeals. Moreover, respondent's agents expressly stated that restricted consents to extend the periods of limitation for 1983 and 1986 were unacceptable. There was no overt evidence in this case, as in the Hicks case, to sustain petitioners' contentions. Accordingly, we hold that respondent is not barred from the assessment and collection of taxes as to petitioners' 1983 tax year. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. For taxable year 1986, the addition to tax is determined under sec. 6653(a)(1)(A).↩
2. For taxable year 1986, the addition to tax is determined under sec. 6653(a)(1)(B).↩
3. 50 percent of the interest due on the deficiency.↩
4. 25 percent of the understatement of tax.↩
2. At trial, respondent's examination division employees referred to form Letter 929 as a "thank-you letter", although the letter itself did not contain these words or any other expressions of congeniality.↩
3. The redmittance was made under sec. 4.03 of Rev. Proc. 84-58, 1984-2 C.B. 501↩, which provides procedures for taxpayers to make remittances to stop the running of interest on deficiencies.